Hon. William A. Kelly County Attorney, Ulster County
This is in response to your letter of June 12, 1978, wherein you ask several questions regarding the benefits a county employee is entitled to when such employee has been granted a maternity leave of absence. Specifically, you ask our opinion in regard to the following questions:
 1. What benefits is a county employee entitled to when such employee has been granted maternity leave of absence, and are said benefits payable at a rate based upon current salary or the salary for the year in which the benefits, or part of same, actually were earned?
 2. Are disability benefits based upon such maternity payable at the same time, and in addition to payments for accumulated benefits?
General Municipal Law, § 135-c provides that:
 "The authorities of any municipal corporation charged by law with the duty and power of making appropriations may in their discretion, appropriate moneys for prenatal care and maternity protection and may prescribe by whom and under what terms and conditions such moneys shall be expended."
The Court of Appeals has held that an employment personel policy which singles out pregnancy and childbirth for treatment different from that accorded other instances of physical or medical impairment or disability is prohibited by the Human Rights Law (Brooklyn Union Gas Co. v. HumanRights Appeal Board, 41 N.Y.2d 84 [1976]; State Div. of Human Rights v.Jamestown Tel. Corp., 42 N.Y.2d 848 [1977]).
The Human Rights Law appears in sections 290 through 301 of the Executive Law. Section 296, subd 1, par (a) thereof reads as follows:
"1. It shall be an unlawful discriminatory practice:
 "(a) For an employer, because of the age, race, creed, color, national origin or sex of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."
In cases involving public school employment, the Court of Appeals has ruled that pregnant teachers may not be compelled either to take a disability leave before they are in fact disabled or to extend their leave beyond the period during which they were actually disabled (Boardof Educ., East Williston v. New York State Div. of Human Rights,35 N.Y.2d 673 [1974]; Board of Educ., Oyster Bay and Babylon v. New YorkState Div. of Human Rights, 35 N.Y.2d 677 [1974]).
In another public school case, the Court of Appeals determined that so long as teachers generally were entitled to use sick and sabbatical leaves to cover periods of temporary physical disability, the same could not be denied if by chance the period of disability were caused by pregnancy (Matter of Board of Educ. v. State Div. of Human Rights,35 N.Y.2d 675 [1974]).
Under General Municipal Law, § 92, subd 1, the governing board of each county is authorized to grant vacations, sick leaves and leaves of absence to its officers or employees with or without pay and adopt rules and regulations in relation thereto. We can find no support for the premise that such benefits must be based upon the salary for the year in which said benefits, or part of same, actually were earned. We conclude, therefore, that accumulated sick leave or other benefits shall be paid at a rate based on current salary.
In your final question you ask whether or not disability benefits based upon maternity are payable at the same time, and in addition to payments for accumulated benefits.
The New York State Disability Benefits Law is contained in article 9, sections 200 through 242 of the Workmen's Compensation Law. Although a county does not constitute an "employer" as defined in section 201, subd 4 of the Disability Benefits Law, said county may become a covered employer by voluntarily electing to provide for the payment of disability benefits (Workmen's Compensation Law, §§ 211, 212). Although your letter does not so state, you have informed me that the County of Ulster has elected to provide disability benefits to county employees in accordance with the above-cited provisions of the Workmen's Compensation Law.
As stated previously, a county employee who has been granted maternity leave of absence may use accumulated sick leave. Under section 205, subd 2 of the Workmen's Compensation Law, said individual would be entitled to receive disability benefits for a maximum period of eight weeks caused by or arising in connection with a pregnancy. An exception is provided where the period of disability occurs as a result of a complication of such pregnancy.
A female employee who has been granted maternity leave of absence and chooses to use accumulated sick leave is thereby receiving a full salary during said period of time. Under such circumstances, she would not be entitled to receive additional disability benefits, until after said leave time has been exhausted.
From all of the foregoing we conclude the following:
 1. A county employee who has been granted maternity leave of absence is entitled to the same use of accumulated leave time as any other individual suffering from temporary physical impairment and such accumulated leave time shall be paid at a rate based on the individual's current salary.
 2. A county employee who is using accumulated leave time during a maternity leave of absence may not receive disability benefits until after said leave time has been exhausted.